UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS A. BRUM,
*Plaintiff*,

v.

No. 3:22-cv-01551 (JAM)

VERNON POLICE DEPARTMENT *et al.*,
*Defendants*.

### ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915A

Thomas A. Brum is a prisoner of the Connecticut Department of Correction, and he has filed a *pro se* civil rights complaint against the Vernon Police Department and several "John Doe" police officers claiming that they failed to arrest and protect him from his wife. Because the complaint does not allege facts establishing plausible grounds for relief, I will dismiss the complaint without prejudice.

#### BACKGROUND

Brum alleges that the Vernon Police Department and several "John Doe" police officers failed to protect him from his wife's attacks against him. He claims that his wife made over 30 police reports against him during the months of January and February 2021.[1] According to Brum, the police knew that these reports were false.[2] The police also allegedly viewed a tape that showed Brum's wife engaging in self harm and attributing the harm to Brum.[3] Brum asserts that the police, despite knowing the reports were false and viewing the tape, did not arrest his wife or prevent her from attacking him.[4] He has filed a civil rights claim under 42 U.S.C. § 1983 against

---

[1] Doc. #1 at 3.
[2] *Ibid.*
[3] *Ibid.*
[4] *Ibid.*

1

the Vernon Police Department and several "John Doe" officers.[5] He seeks relief in the amount of $250,000.[6]

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Because Brum is proceeding *pro se*, the allegations of his complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).[7]

As an initial matter, Brum has named as a defendant the Vernon Police Department. But a municipal police department—as distinct from the municipality itself—is not an independent legal entity that may be subject to suit under 42 U.S.C. § 1983. *See Callahan v. City of New Haven*, 2023 WL 1992620, at *4 (D. Conn. 2023); *Watson v. Connecticut*, 2020 WL 3404066, at *2 (D. Conn. 2020).

To the extent that Brum complains that the police failed to arrest his wife for making false reports, it is well-established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). The Supreme Court has declined to recognize a spouse's claim that she had a constitutional right under the Due Process Clause to have police enforce a restraining order. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 766–69 (2005). Likewise, the Second

---

[5] *Id.* at 1–2.
[6] *Id.* at 6.
[7] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

Circuit has ruled that a private citizen does not have a procedural due process right to require the police to conduct an adequate investigation of alleged wrongdoing. *See Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 34–36 (2d Cir. 2010).

Beyond faulting the police for failing to arrest his wife, Brum further claims that the police failed to protect him from her attacking him. But "[a]s a general matter … a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989).

To be sure, the police may be liable if they themselves "affirmatively created or enhanced the danger of private violence." *Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 428 (2d Cir. 2009). In other words, "the Due Process Clause may be violated when police officers' *affirmative* conduct—as opposed to *passive* failures to act—creates or increases the risk of private violence, and thereby enhances the danger to the victim." *Ibid.*

But Brum does not allege facts to show that the police affirmatively created or enhanced the danger that his wife would attack him. He does not allege that they knew in advance that she would attack him. He alleges only that the police knew at the time that they released her from police custody that she had filed false reports and that she had hurt herself while at the police station in order to falsely implicate Brum. This is not enough to plausibly show that the police by their inaction violated Brum's constitutional rights.

## CONCLUSION

The Court DISMISSES the complaint without prejudice pursuant to 28 U.S.C. § 1915A. If Brum has grounds to allege additional facts that overcome the concerns stated in this ruling, then he may file a motion to re-open this case along with a proposed amended complaint on or before **May 3, 2023**.

The Court DENIES as moot Brum's motion to proceed *in forma pauperis* (Doc. #7).

The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 3rd day of April 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge